IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KESHA TERRY, § | |
|    Plaintiff, § | |
| § | |
| v. § | No. 3:17-CV-004-G (BT) |
| § | |
| SUPERVISOR and DETENTION § | |
| OFFICERS, § | |
|    Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

I.

Before the Court is Plaintiff's motion to reinstate this case, (ECF No. 21), and Plaintiff's motion to add to this case. (ECF No. 23.) For the following reasons, the motions should be denied.

On January 3, 2017, Plaintiff filed this complaint under 42 U.S.C. §1983. She is proceeding *pro se*, and the Court granted her leave to

1

proceed *in forma pauperis*. Defendants are a Jane Doe Dallas County Jail Supervisor, and Jane Doe Dallas County detention officers.

On February 22, 2017, the district court dismissed the complaint for want of prosecution because Plaintiff failed to provide the court with her current address. On February 28, 2017, the district court vacated its judgment. On March 2, 2017, the Magistrate Judge sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information regarding her claims. On April 12, 2017, the Magistrate Judge entered Findings, Conclusions, and a Recommendation that the complaint be dismissed because Plaintiff failed to respond to the Questionnaire. On May 3, 2017, the district court entered final judgment dismissing this case for want of prosecution. On May 2, 2017, Plaintiff filed her response to the Magistrate Judge's Questionnaire.

On October 10, 2017, Plaintiff filed her motion to reinstate this case. On March 22, 2018, she filed her motion to add additional facts to her complaint.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to

2

state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiff's motion to reinstate this case should be denied because her claims are barred by the statute of limitations. A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v.*

3

*Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff states Defendants used excessive force against her on January 9 or 10, 2014.[1] (ECF No. 17 at 8.) Plaintiff knew, or had reason to know, of her injury at that time. She did not file her complaint until January 3, 2017, which was approximately one year after the limitations period expired. She has also failed to state any basis for equitable tolling of the limitations period. Her claims are therefore barred by the statute of limitations.

Additionally, Plaintiff has failed to state a cognizable claim for relief. In response to the Magistrate Judge's Questionnaire, Plaintiff states she is "asking for Justice." (ECF No. 17 at 10.) Plaintiff fails to explain what she means by "Justice." Plaintiff's motions should be denied.

V.

---

[1] Plaintiff also references a possible eviction, but it does not appear that she raises those claims against Defendants. (*See* ECF No. 17 at 10.)

4

For the foregoing reasons, the Court recommends that Plaintiff's motion to reinstate this case, (ECF No. 21), and Plaintiff's motion to add more facts to this case, (ECF No. 23), be denied as futile.

Signed April 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).