IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
|         Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-004-G (BT) |
| | § | |
| SUPERVISOR and DETENTION | § | |
| OFFICERS, | § | |
|         Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff has filed a motion to reopen and for clarification. (ECF No. 29.) For the following reasons, the court should deny the motion.

I.

On January 3, 2017, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 against a Jane Doe Dallas County Jail Supervisor and Jane Doe Dallas County detention officers. On February 22, 2017, the district court dismissed the complaint for want of prosecution because Plaintiff failed to provide the court with her current address. On February 28, 2017, the district court vacated its judgment. On March 2, 2017, the Magistrate Judge sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information regarding her claims. On April 12, 2017, the Magistrate Judge entered Findings, Conclusions, and a Recommendation that the complaint be

1

dismissed because Plaintiff failed to respond to the Questionnaire.  On May 2, 2017, Plaintiff filed her response to the Magistrate Judge's Questionnaire.  On May 3, 2017, the district court entered final judgment dismissing this case for want of prosecution.

On October 10, 2017, Plaintiff filed a motion to reinstate this case.  On March 22, 2018, she filed a motion to add additional facts to her complaint.  On May 14, 2018, the district court denied the motions as futile because Plaintiff's claims are barred by the statute of limitations.

On June 12, 2018, Plaintiff filed the instant motion to reopen and for clarification.  Plaintiff disputes the court's earlier determination that her claims are barred by limitations. Plaintiff contends her complaint is timely because her claims are part of a prior case she filed in 2014.  *See Terry v. Dallas County Police Dept.*, No. 3:14-cv-3495-B (BK).

## II.

Plaintiff's motion to reinstate and for clarification are without merit.  To the extent Plaintiff raised her current claims in *Terry v. Dallas County Police Department*, No. 3:14-cv-3495, her claims were dismissed on December 3, 2014, for want of prosecution and for failure to comply with the court's order.  On February 17, 2015, the district court denied her motion reconsider.  On June 16, 2015, the Fifth Circuit dismissed her appeal, and on June 18, 2018, the district court denied her motion to reopen.  The court has therefore determined that her

2

previous case cannot be reopened to include her current complaint. Plaintiff's motion should be denied.

III.

For the reasons stated, Plaintiff's motion to reopen and for clarification (ECF No. 29) should be denied.

Signed June 22, 2018.

                                            REBECCA RUTHERFORD
                                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).